UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-31-TAV-JEM |
| | ) | |
| TREVOR ROSHAWN SLIGH, JR., | ) | |
| JAMES CARRETHERS, and | ) | |
| JUMAI STONE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Trevor Sligh's Unopposed Motion to[] Contin[u]e the Trial and Extend All Applicable Pre-Trial Deadlines [Doc. 41], filed on March 10, 2025.

Defendant Sligh asks the Court to continue the April 15, 2025 trial date and extend all applicable deadlines [Doc. 41]. He represents that the Government does not object to this request [*Id.* at 1]. In support of his motion, Defendant Sligh notes that the Government recently filed a Superseding Indictment [*Id.*; *see also* Doc. 30]. Although the parties had tentatively agreed to resolve the case, Defendant Sligh asserts the agreement is no longer tenable [Doc. 41 p. 1]. He states that despite due diligence, an unusual press of other matters has complicated his counsel's pre-trial investigation of the facts and law in this case [*Id.*]. Defendant Sligh asks for a continuance to allow his counsel time to investigate factual and legal issues, negotiate with the government, and effectively represent him [*Id.* at 2]. Defendant Sligh waives his right to a speedy trial as related to the time requested by this motion [*Id.*].

Defendant Carrethers responded in support [Doc. 42]. He requests that the Court continue the trial date and all deadlines, including the motion deadline, for at least ninety days [*Id.* at 2]. Defendant Carrethers shows that his deadline to file pretrial motions is the same as the Government's deadline to provide discovery [*Id.* ¶¶ 1–3]. Given that the Government requested to extend its deadline to comply with discovery obligations, Defendant Carrethers expects to receive voluminous materials [*Id.* ¶ 3]. Accordingly, he seeks time to review discovery, research, and investigate to determine whether to file pretrial motions [*Id.*]. Defendant Carrethers understands that the time between filing this motion and a rescheduled court date will be excludable for speedy trial purposes [*Id.* ¶ 5]. He represents that the Government does not oppose the motion [*Id.* ¶ 6].

Defendant Stone responded that he does not object to Defendant Sligh's motion [Doc. 54]. He understands that the time between the filing of the motion and the new trial date will be fully excludable for speedy trial purposes [*Id.*].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants Sligh and Carrethers the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Sligh needs further time to investigate and prepare for trial in light of the Superseding Indictment. Defendant Carrethers needs time to receive and review discovery, investigate, determine whether to prepare pretrial motions, and otherwise

prepare for trial. The Court finds that all of this cannot occur before the April 15, 2025 trial date. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(7)(B)(i)–(iv).

The Court therefore **GRANTS** Defendant Trevor Sligh's Unopposed Motion to[] Contin[u]e the Trial and Extend All Applicable Pre-Trial Deadlines [**Doc. 41**]. The trial of this case is reset to **August 5, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on March 10, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Trevor Sligh's Unopposed Motion to[] Contin[u]e the Trial and Extend All Applicable Pre-Trial Deadlines [**Doc. 41**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 5, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 10, 2025**, and the new trial date of **August 5, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **April 11, 2025**, and responses to motions are due on or before **April 25, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 7, 2025**;

(6) the deadline for filing motions *in limine* is **July 21, 2025**, and responses to motions *in limine* are due on or before **July 29, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **July 22, 2025, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 25, 2025.**

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge